IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELSEY SAINT CLAIR, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-0371 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| WILLIAM ZINK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is a Motion to Dismiss filed by Defendant. (Doc. No. 15, "Motion"). Plaintiff filed a Response (Doc. No. 17). Defendant filed a Reply (Doc. No. 18). The matter is ripe for review.

For the reasons discussed, the Court will deny Defendant's Motion.

### FACTUAL BACKGROUND[1]

Plaintiff has brought a diversity action against Defendant. (Doc. No. 1 at 1). Plaintiff and Defendant both signed an Operating Agreement for a Tennessee limited liability company known as Warbirds, LLC. (*Id.* at ¶ 4). A dispute arose between the parties regarding an airplane owned by Warbirds, LLC and Warbirds' corporate governance. (*Id.* at ¶ 5). The Operating Agreement contains a mandatory mediation provision, which states that: "The parties hereto agree, prior to the initiation of litigation, to participate in a minimum of 6 hours of non-binding mediation." (*Id.*

---

[1] These facts are taken from the Complaint. (Doc. No. 1). As will be discussed, because this is a facial attack on subject-matter jurisdiction, the Court does not have to accept the facts as stated in the Complaint as true. However, though presenting conflicting facts in briefing, Defendant has not put into the record any additional facts and offered no support for many of his factual assertions. Therefore, the Court has looked to the Complaint for explaining the factual background of this case, but the Court does not necessarily accept these facts at face value.

1

at ¶¶ 4-6). Plaintiff repeatedly requested Defendant to comply with the Operating Agreement before filing litigation in state court, but Defendant did not participate in mediation as required by the Operating Agreement. (*Id.*). Defendant filed a lawsuit ("state-court action") in Davidson County, Tennessee, (*William Zink v. Warbirds, LLC, Kelsey Saint Clair*, Chancery Court for Davidson County, Tennessee, Civil Action No. 20-0084-I)[2] without participating in the mandatory mediation. (*Id.* at ¶¶ 3, 6). Defendant (who as noted was the plaintiff in that action) also did not attach to the complaint therein ("state-court complaint") a copy of the Operating Agreement in violation of Rule 10.03 of the Tennessee Rules of Civil Procedure. (*Id.* at ¶ 6). Defendant filed an Amended Petition requesting judicial intervention after Plaintiff (who as noted was the defendant in that action) raised the issue of the mandatory mediation provision. (*Id.* at ¶ 7).

The present lawsuit, which was originally filed in this Court, stems from Defendant's refusal to mediate. (*Id.* at ¶ 8). Plaintiff brings two counts in her Complaint: 1) abuse of process, and 2) breach of contract. (*Id.* at ¶ 4). Plaintiff requests $250,000 in compensatory damages, $50,000 in punitive damages, attorney's fees and other costs, and other relief.

## LEGAL STANDARD

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial attacks and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320,

---

[2] Though the state-court action remains pending in (naturally) state court, this action is an original action brought in this Court pursuant to diversity jurisdiction.

330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. *Id.* If those allegations establish federally-cognizable claims, jurisdiction exists. *Id.* A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists. *Id.* Defendant here lodges a factual attack on subject-matter jurisdiction, as he is attacking the amount in controversy as being allegedly insufficient to sustain federal diversity jurisdiction. *See Kathryn Beich, Inc. v. Short*, No. 5:05-CV-2684, 2006 WL 8448360, at *1 (N.D. Ohio Mar. 25, 2006).

Where there is a factual attack on the subject-matter jurisdiction of the Court under Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness applies to the complaint's allegations; instead, the court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist.[3] *Gentek Bldg. Products, Inc.*, 491 F.3d at 330. In making its

---

[3] The Court again notes that Defendant has not put any evidence into the record in support of his Motion. Despite this, in his briefing, Defendant contests many of the facts in Plaintiff's Complaint without citation or evidence. For example, Defendant claims that Plaintiff requested mediation only once, Plaintiff acted in various ways to delay or hinder Defendant, Defendant never rejected mediation, and Plaintiff did not provide Defendant with the Operating Agreement. (Doc. No. 16 at 1-4). Though there is no citation for any of these particular alleged facts, Defendant states in a footnote that "[t]he Factual Background stated here was made by Verified Complaint in the Davidson County Chancery Court for consideration of the Federal Court in addition to the Complaint to determine if the Court has subject-matter jurisdiction based upon the amount claimed in controversy." (*Id.* at n.1).

    Though some of the facts (such as basic information about the dispute and the airplane) contained in the factual background section in Defendant's Response are contained in the state-court complaint (which was attached to the Complaint filed in this Court), the state-court complaint contains few of the purported facts (noted in the prior paragraph) upon which Defendant relies to contest diversity jurisdiction. The state-court complaint does allege that Plaintiff did not respond to multiple emails of Defendant. (Doc. No. 1 at 9). However, Defendant provides no citation to where the other facts that appear in his briefing appear in the record and has not provided the Court with additional documentation (such as his correspondence with Plaintiff or documents related to the state court proceedings) concerning the amount of times Plaintiff requested mediation, Defendant's non-rejection of mediation, and Plaintiff's refusal to provide the Operating Agreement. As Defendant has produced no evidence to support these various factual allegations, the Court will not consider them. And even if it were to accept all of these facts as true, the Court would not find the amount in controversy to be too low under the correct "legal impossibility"

3

decision, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts.[4] *Id.*; *see also Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1192 (M.D. Tenn. 2017). As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015); *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005).

## DISCUSSION

Defendant argues that this Court lacks subject-matter jurisdiction because (according to Defendant) the amount in controversy is less than $75,000. (Doc. No. 16 at 6). Plaintiff responds that the amount in controversy requirement has been met. (Doc. No. 17).

Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The parties do not dispute that there is diversity of citizenship here, but instead dispute if the amount in controversy requirement is met.

In determining whether Section 1332's "amount in controversy" requirement is met, federal courts look to the amount alleged in the complaint. *Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 297 (6th Cir.2001). "A district court should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction 'unless it appears to a

---

standard. (As further discussed below, Defendant has misstated the standard for determining the amount in controversy in his briefing by citing the removal standard), The Court additionally notes that to the extent Defendant's Motion is attempting to argue the sufficiency of the Plaintiff's substantive allegations (regarding the merits) in the Complaint, the proper vehicle for such an attempt is a Rule 12(b)(6) motion, not a Rule 12(b)(1) motion attacking the amount in controversy.

[4] Neither party has requested an evidentiary hearing or pointed to evidence that would be presented at such a hearing. The Court therefore has exercised its discretion not to hold an evidentiary hearing.

4

legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.'" *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quoting *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005). "It is well established that claims can be aggregated to satisfy the jurisdictional amount requirement."[5]

---

[5] Defendant informs the Court that:

> The United States Supreme Court has stated that individual causes of actions [sic] may not be lumped together to reach the required amount in controversy. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942). As was said in *Thompson* [sic], aggregation of plaintiffs' claim cannot be made merely because the claims are derived from a single instrument, or because the plaintiffs have a community of interest. *Id.*

(Doc. No. 18 at 1). Defendant here rather egregiously misrepresents both what *Thomson* said and *Thomson*'s (in)applicability to the instant case. In particular, *Thomson* did not articulate any principle nearly so broad as "individual causes of action may not be lumped together to reach the required amount in controversy," nor does it have any applicability to the question of whether multiple claims from a single plaintiff can be aggregated for purposes of reaching the required amount in controversy. *Thomson* involved 41 plaintiffs who wished to aggregate their claims in order to meet the amount in controversy requirement. *Id.* at 445. The record did not indicate whether the plaintiffs had brought their claims together (a) as a matter of convenience even though the claims were separate and distinct (in which case aggregation would not be allowed), or (b) to enforce a single right or title in which they had a common undivided interest (in which case their interests potentially could be aggregated). *Id.* at 447 (collecting cases). The Supreme Court therefore found that the plaintiffs had not shown the requisite jurisdictional amount. *Id.* Notably, *Thomson* did not even refer to aggregation in the case of a solitary plaintiff (except insofar as such a case was encompassed within the inscrutable statement that the amount in controversy "is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation," *id.* at 447). Defendant improperly conflates the situation here (involving an individual plaintiff bringing multiple claims) with the situation in *Thomson* (involving multiple plaintiffs each bringing a claim). The Court therefore rejects the suggestion that Plaintiff cannot aggregate her claims against Defendant to meet the amount in controversy requirement.
>   Finally, the Court notes that even if it were true that *Thomson* teaches that "individual causes of action may not be lumped together to reach the required amount in controversy," Defendant does not explain why that principle would help him here. In particular, he fails to explain how Plaintiff is relying on "lump[ing] together individual causes of action" seeking to reach the required amount in controversy. In fact, it appears that instead of doing that, Plaintiff is claiming that the entire amount in controversy (*i.e.*, the entire amount of her alleged damages) is

5

*Klepper*, 916 F.2d at 341. As noted above, as the party invoking jurisdiction, the plaintiff carries the burden of showing that a court has jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. 283, 289 n.10. However, few situations would disqualify an amount in controversy as being too low:

> Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (quoting 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985)).

There is much confusion in Defendant's briefing regarding which party carries the burden and what the appropriate standard is in this case. Defendant first discusses the correct "legal certainty" standard discussed above, (Doc. No. 16 at 5), but he then shifts to stating that *he* (Defendant) carries the burden of showing that the amount in controversy is "more likely than not" absent in this case, citing instead the standard that applies in removal cases. (*Id.* at 5-6). Throughout his briefing, Defendant repeatedly references both standards.

Defendant seems to be confusing the standard regarding the amount in controversy that applies when a defendant removes a case to federal court with the standard that applies to a case originally filed in federal court. (*Id.* at 5-6). In removal cases, the defendant (instead of the plaintiff) bears the burden of showing that the federal court has jurisdiction, including the amount

---

implicated by each of her two causes of action alternatively, rather than some of the amount being implicated by one cause of action and the rest of the amount being implicated by the other cause of action.

in controversy requirement, as the defendant is the one invoking the federal court's jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The Sixth Circuit has interpreted the defendant's burden in removal cases as showing that it is "more likely than not" that the claims meet the amount in controversy requirement. *Id.*; *see also Cornerstone Constr. Co. of Tennessee, LLC v. Builders Mut. Ins. Co.*, No. 3:19-CV-01056, 2020 WL 3063850, at *2 (M.D. Tenn. June 9, 2020); *Tennessee Farmers Mut. Ins. Co. v. Cummins, Inc.*, No. 3:19-CV-492-TAV-DCP, 2020 WL 620280, at *4 (E.D. Tenn. Feb. 10, 2020).

In addition to invoking this burden outside of its proper context (in an action originally filed in federal court as opposed to a removed action), Defendant also twists the defendant's burden from showing that it is more likely than not that the required amount in controversy *is present*, to showing that it is more likely than not that the required amount in controversy *is not present*. But it is one thing to say (correctly) that a defendant who *invokes* federal jurisdiction (in removing an action) must show that the amount-in-controversy requirement likely is satisfied; it is quite another to say (incorrectly) that a defendant who *opposes* federal jurisdiction (in seeking dismissal under Rule 12(b)(1) of a complaint originally filed in federal court) must show that the amount-in-controversy requirement likely is *not* satisfied. Just because the latter defendant's view of federal jurisdiction is diametrically opposed to the view of the former defendant, that does not mean that the Court applies to the latter defendant the exact opposite standard that applies to the former defendant.

This is simply not how the law works in this area. Defendant here misperceives both whether the latter defendant (*i.e.*, Defendant in this case) bears the burden (which he does not)[6]

---

[6] This reality, standing alone, actually helps Defendant. All other things being equal, it is preferable for a litigant not to bear a burden. Ultimately, though, it does not help Defendant enough, because Plaintiff here is able to satisfy the burden that she carries to show the amount in controversy.

7

and what the burden is. Because this case was originally filed in this Court and is not a removal case, Plaintiff (not Defendant) bears the burden of showing that the amount in controversy is satisfied through the "legal certainty" standard. Therefore, the Court disregards Defendant's arguments that he has shown that it is more likely than not that the amount in controversy is not present.[7]

Turning to the applicable "legal certainty" test, in her Response, Plaintiff shows the Court that there is not a legal certainty that the amount in controversy is below $75,000 in this case. In her Complaint, Plaintiff requests $250,000 in compensatory damages for her two counts, one for abuse of process and one for breach of contract. Abuse of process is a recognized cause of action in Tennessee. *E.g.*, *Lipscomb v. Shofner*, 96 Tenn. 112, 33 S.W. 818, 819 (1896) (establishing abuse of process as recoverable in civil actions). Breach of contract is a familiar cause of action. *E.g.*, *Benz-Elliott v. Barrett Enterprises, LP*, 456 S.W.3d 140, 141 (Tenn. 2015). Plaintiff additionally cites many cases indicating that refusing to mediate in accordance with the terms of a contract creates a valid claim of breach of contract. (Doc. No. 17 at 6-7); *see also Berkeley Park Homeowners Ass'n, Inc. v. Tabor*, No. E200901497COAR3CV, 2010 WL 2836120, at *4 (Tenn. Ct. App. July 20, 2010). Plaintiff notes that there are no terms in the Operating Agreement to limit

---

[7] Defendant, far from merely incorrectly applying the removal standard, also often confuses it with the other standard. For example, in the Memorandum in support of his Motion, Defendant states that "*the amount in controversy is more likely than not greater than $75,000. Dismissal is appropriate because it appears to a legal certainty that the Plaintiff cannot in good faith claim the jurisdictional amount.*" (Doc. No. 16 at 9-10) (emphasis added). The quoted statement is problematic for two reasons. First, due to another apparent typographical error, the italicized language actually supports Plaintiff's position; it appears that Defendant must have meant to include an additional "not" in there somewhere. More to the point here, the quoted statement conflates the two different standards discussed above: the standard that a defendant must show when removing a case (more likely than not) and the standard that a plaintiff must show in an original action (not a legal certainty). The Court disregards the statements and arguments where Defendant improperly mixes the two standards.

her possible recovery, as the Operating Agreement contains no limit on damages.[8] (Doc. No. 17 at 6). Neither party indicates to the Court that a specific rule of law or measure of damages will limit the amount of damages recoverable. There are additionally no facts that show that the amount of damages was plead merely to gain admission to the federal court system.[9] Therefore, the $250,000 sought for abuse of process and breach of contract satisfies the amount in controversy requirement.

Additionally, Plaintiff asserts a claim for $50,000 of punitive damages in her Complaint. Plaintiff's punitive damages should be considered in evaluating the amount in controversy unless it is clear to a legal certainty that she cannot recover them.[10] *Hayes v. Equitable Energy Res. Co.*,

---

[8] Defendant uses this point to argue that Plaintiff is not entitled to recover damages: "If there are any damages at all in this case, which Defendant asserts there are none, they would be nominal and certainly not $75,000.00 or more. Even the Operating Agreement does not provide for damages in the event that there is a breach of the agreement." (Doc. No. 18 at 3). However, just because a contract does not specifically state that damages are available, or that they are available in a particular amount, does not mean that a party cannot recover for damages for breach of that contract.

[9] Plaintiff cites the Court to several facts that she claims indicate that she did not seek this Court's jurisdiction improperly, namely: that the airplane is worth more than $100,000, that a customer paid around $50,000 last year to lease the airplane for a flight school, and that Defendant attempted to fraudulently claim up to $40,000 on Warbird, LLC's tax returns. (Doc. No. 17 at 8). The Court is puzzled as to how these facts, which are entirely unrelated to the causes of action brought in the Complaint (breach of contract and abuse of process by failing to mediate), show that the amount of damages were not pled merely to gain admission to the federal courts. That said, the Court sees nothing in the record that indicates that the damages were pled merely to gain admission to this Court, and the Sixth Circuit has indicated that such instances are "infrequent," and—where they do appear—involve "flagrant abuse" that is "obvious." *Mitan*, 23 Fed. Appx. at 297.

[10] In arguing that her claim for punitive damages should be considered when determining whether she has met the amount in controversy requirement, Plaintiff notes that she "has satisfied this burden in both the [state-court action] and in this case. For example, the allegation that the Defendant abused the processes of the Tennessee courts by intentionally ignoring the mandatory mediation provision itself [if true] entitles [Plaintiff] to punitive damages." (Doc. No. 17 at 8). In his Reply, Defendant appears to take this reference to the state-court action and run wild with it, arguing that "[w]ithout any supporting authority, the Plaintiff claims that this Court has subject matter jurisdiction based upon the amount in controversy in the [state-court action] . . . Simply put, Plaintiff cannot rely on damage issues in the State Court Chancery action to establish the amount in controversy for federal court jurisdiction. Moreover, Plaintiff has conveniently failed to cite any law to support this assertion." (Doc. No. 18 at 1-2). However, Plaintiff merely mentions the state-

9

266 F.3d 560, 572 (6th Cir. 2001); *Hahn v. Auto-Owners Ins. Grp.*, No. 3:04-CV-380, 2006 WL 2796479, at *1 (E.D. Tenn. Sept. 27, 2006). "Punitive damages may only be awarded if the claimant proves by clear and convincing evidence that the defendant against whom punitive damages are sought acted maliciously, intentionally, fraudulently or recklessly." Tenn. Code Ann. § 29-39-104(a)(1). Plaintiff claims that she is entitled to punitive damages because "Defendant abused the processes of the Tennessee courts by intentionally ignoring the mandatory mediation provision." (Doc. No. 17 at 8). As with the compensatory damages, there is no indication that Plaintiff's damages would be limited below this amount ($50,000) by statute or that this was pled merely to gain admission to the federal courts. The Court therefore finds that the claim for punitive damages should be included when calculating the amount in controversy.

This makes the total amount in controversy $300,000 ($250,000 in compensatory damages plus $50,000 of punitive damages), well over the $75,000 requirement.[11]

---

court case as the factual backdrop related to her claim for punitive damages, which is based on abuse of process in the state-court system. She does not appear to be attempting to somehow aggregate the amount of her claims in federal court with the amount at stake in the state-court action. Therefore, the Court will disregard Defendant's arguments to this effect.

[11] The parties have differing opinions regarding whether this Court should include attorney's fees when calculating the amount in controversy. Apparently, there is some confusion about what was said during an initial case management conference in regards to attorney's fees. Defendant says that "Plaintiff stated she would reach the amount in controversy in attorney's fees; however, this is a direct admission that at the time of the filing of the Complaint, the amount in controversy was far less than $75,000.00. Simply put, a Compliant [sic] does not satisfy the amount in controversy by claiming an attorney is going to bill his client $100,000.00 when the actual damages are nominal, if at all, to meet the amount in controversy requirement." (Doc. No. 16 at 11). Plaintiff seems to argue in her briefing that because attorney's fees are recoverable as compensatory damages in her two claims, the Court should include attorney's fees in her amount in controversy. (Doc. No. 17 at 9-10). Despite this argument regarding attorney's fees being included in compensatory damages, Plaintiff's Complaint clearly states that the request for attorney's fees is separate from the $250,000 in compensatory damages and the $50,000 in punitive damages sought. (Doc. No. 1 at 5). Therefore, it is unclear if 1) Plaintiff has already baked attorney's fees into her compensatory damages calculation of $250,000, or 2) Plaintiff seeks attorney's fees separately from her stated compensatory damages amount for her two causes of action. Plaintiff does not provide the Court with a specific amount of attorney's fees sought under either option. The Court

10

Defendant never provides the Court with a reason that it is a legal certainty that the amount in controversy is not met in this case.[12] The closest Defendant comes to providing the Court with an argument regarding legal certainty is in his Reply: "Dismissal is appropriate when it appears to a legal certainty that a plaintiff cannot in good faith claim the jurisdictional amount. Common sense dictates that she has not and never will." (Doc. No. 18 at 2 (internal citation omitted)). "Common sense" is a not a standard for evaluating legal certainty, and in any event the Court does

---

believes the second option best reflects the Complaint in this case. Plaintiff lists her attorney's fees separately from her compensatory damages and emphasizes that her attorney's fees continue to accrue (indicating that Plaintiff does not yet have a firm number for her attorney's fees to include in her compensatory damages for her two claims). (Doc. No. 17 at 10). The Court also notes that there is a difference between attorney's fees from the state-court case being included in compensatory damages and attorney's fees from the present action being sought separately from compensatory damages. The former conceivably could be recoverable as part of Plaintiff's compensatory damages on her two counts, but the latter would be a separate award. Plaintiff is not clear in her briefing regarding the difference between these two types of attorney's fees, or whether she has included the state-court attorney's fees in calculating her sought damages.

Plaintiff informs the Court that attorney's fees can be included in the amount in controversy if they are available "under the district court's equitable power to award fees." (Doc. No. 17 at 9). Because of this, Plaintiff argues that the Court can consider her attorney's fees in calculating the amount in controversy. (*Id.*). Plaintiff does not cite the Court to any relevant Sixth Circuit authority for this proposition, and the Sixth Circuit cases cited by Plaintiff do not include attorney's fees available under a court's equitable power. Instead, the Sixth Circuit commonly phrases the rule as: "reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623 (6th Cir. 2009); *see also Barclay v. Seco Architectural Sys., Inc.*, No. 3:16-CV-176, 2016 WL 4874087, at *3 (E.D. Tenn. Sept. 13, 2016); *Kittle v. First Republic Mortg. Corp.*, No. CIVA 3:07CV224 H, 2007 WL 2020179, at *3 (W.D. Ky. July 6, 2007). There is no indication that attorney's fees will be available here in accordance with a statute.

Regardless of whether the Court could consider these attorney's fees, Plaintiff has not specified an amount of attorney's fees she seeks, and so the Court declines to include attorney's fees when calculating the amount in controversy.

[12] By this statement, the Court does not mean to imply that Defendant carries a burden to show such certainty. As noted, it is *Plaintiff's* burden to show the *lack* of such certainty. Instead, the Court merely wishes to point to another indication that Defendant has made very little, if any, appropriate argument to rebut Plaintiff's showing that the required amount in controversy exists in this case.

11

not see how common sense dictates here what Defendant claims it dictates. Additionally, to support his assertion that the amount-in-controversy requirement is not met, Defendant in his Motion cites the Court to two primary cases. In *Marshall v. Loyd*, No. 2:09-0041, 2009 WL 2601873 (M.D. Tenn. Aug. 21, 2009), it was a legal certainty that plaintiffs could not in good faith claim the jurisdictional amount when plaintiffs placed no monetary value on the damages sought, and instead only noted that their property would be worth one million dollars without the disputed retaining wall. *Id.* at *1. The court found that the lack of stated monetary damages merited granting the dismissal of the claim. *Id.* In the other primary case relied on by Defendant, *Kathryn Beich, Inc. v. Short*, No. 5:05-CV-2684, 2006 WL 8448360 (N.D. Ohio Mar. 25, 2006), the court found the amount in controversy to be a legal impossibility because punitive damages would be inappropriate, the amount of lost profits were well below the threshold, and the plaintiff offered "pure speculation" regarding the loss of future sales. *Id.* at *2. These cases are both inapplicable to the case at hand, since Plaintiff has brought a claim for a specific amount of compensatory and punitive damages, and recovering such damages is not a legal impossibility.

For the reasons discussed, the Court finds that the amount in controversy in this action is $300,000 ($250,000 for compensatory damages for her two causes of action and $50,000 for punitive damages). This far exceeds the $75,000 requirement, and this Court finds that it has subject-matter jurisdiction over the dispute.

## CONCLUSION

For the reasons discussed herein, the Court will deny Defendant's Motion.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE