| | |
|---|---|
| KELSEY SAINT CLAIR,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM ZINK,<br><br>    Defendant. | Case No. 3:20-cv-00371<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Defendant William Zink has filed a motion for sanctions against Plaintiff Kelsey Saint Clair under Federal Rules of Civil Procedure 16 and 37 (Doc. No. 43). Saint Clair opposes the motion (Doc. No. 45). For the reasons that follow, Zink's motion will be denied.

**I.    Background**

The issues addressed in Zink's motion for sanctions were originally presented to the Court in a motion to dismiss this action "pursuant to Fed. R. Civ. P. 16, 37, 41 and to Compel and for Sanctions including attorney's fees." (Doc. No. 27.) That motion was occasioned by a dispute between Zink's counsel and Saint Clair's counsel about the date on which Zink's counsel mailed written discovery. To summarize that dispute, which is exhaustively detailed in the parties' filings (Doc. Nos. 27, 33, 36, 44, 45), Zink's counsel states that he mailed written discovery requests to Saint Clair's counsel on March 22, 2021. Zink's counsel asserts that, calculated from that date, Saint Clair's responses were due on April 24, 2021. Saint Clair did not provide responses on that date, and Zink's counsel contacted Saint Clair's counsel by email on May 5, 2021, to ask when he could expect her production.

Saint Clair's counsel responded by email on May 21, 2021, that he had not received Zink's discovery requests "until much later than [Zink's counsel] indicated on the certificate of service," that Zink's counsel had not emailed his requests, and that Saint Clair's counsel thus "had to wait until we received the hard copies" to begin compiling on responses. (Doc. No. 27-1.) Zink's counsel responded by email on the same day expressing confusion about when Saint Clair's counsel had received the mailed requests and stating that he had sent the requests by email to both of Saint Clair's counsel's email addresses. (*Id.*) On May 25, 2021, Saint Clair's counsel responded by email that he "did not receive the requests in the mail until April 12" and that he had received the emailed discovery requests on the same day.[1] (*Id.*) Saint Clair's counsel continued:

> As you know, under the Court's current case management order, discovery must be completed in this case on or before May 3. Even if you mailed the discovery on March 22 (the record suggests that you did not), no discovery was completed by May 3 Indeed, if the discovery was propounded on or around April 12, which seems pretty clear to me, responses would not even be due until after the discovery deadline.
>
> Based upon the foregoing, it appears that the discovery window has closed in this case, and my client is not required to provide any responses to your belated requests under the case management order. If you disagree and have authority suggesting anything to the contrary, please feel free to share it with me and we will consider it.

(Doc. No. 27-1.)

After a few weeks of exchanging emails in this vein, Zink filed the motion to dismiss or to compel Saint Clair's response, arguing that the sanction of dismissal was required to address Saint Clair's violation of the initial case management order, failure to prosecute her claims, and failure to participate in discovery. (Doc. No. 27.)

---

[1] In his response in opposition to the present motion for sanctions, Saint Clair's counsel states that he received the discovery requests by mail on April 10, 2021, and received the emailed requests two days later, on April 12, 2021. (Doc. No. 45.)

The Court found that the parties had not filed a joint discovery dispute statement or moved for a discovery dispute resolution conference before filing a discovery-related motion, as the Court's local rules and this Magistrate Judge's practices require, and set the matter for conference to be held on September 30, 2021. (Doc. No. 35.) In the conference, the Court characterized the dispute as "something that was small and could have been worked out by the lawyers [that] has turned into something that has delayed the case and required too much attention from everybody." The Court found that it was "[not] productive for anybody to get into a forensic analysis of when the discovery was mailed and when the email was sent and when it was received. This is something [the lawyers] should have been able to work out . . . ." Finally, the Court stated: "I am not going to rule that this action be dismissed. If you want to pursue lesser sanctions, I will allow you to file an appropriate motion . . . But we are not going to dismiss the case. What we need to do is answer this discovery."

The Court ordered Saint Clair to provide responses to Zink's written discovery by October 14, 2021, extended the fact discovery and dispositive motion deadlines, and terminated Zink's motion without prejudice to "refiling if necessary after Saint Clair's production." (Doc. No. 42.) The Court also stated that Zink could "file a renewed motion for sanctions, if appropriate," and that Saint Clair could also file an appropriate sanctions motion. (*Id.*)

Zink filed this motion for sanctions five days later, on October 5, 2021. The motion reiterates Zink's arguments that sanctions are appropriate because Saint Clair violated the scheduling order by not responding to written discovery within thirty days of March 22, 2021. The sanctions Zink requests include preventing Saint Clair from supporting any of the claims raised in her complaint, introducing any evidence at trial, calling any witnesses at trial, putting on any proof of damages, and opposing any of Zink's affirmative defenses. (Doc. No. 44.) Zink also seeks

attorney's fees and costs. (*Id.*) In response, Saint Clair repeats her arguments that Zink did not serve discovery within the deadlines set by the initial case management order, questions the candor of Zink's assertions in support of his motion, and argues that sanctions are not appropriate. (Doc. No. 45.)

**II.      Legal Standard**

As relevant in this context, Federal Rule of Civil Procedure 16 addresses the process for establishing a scheduling order at the outset of civil litigation. Fed. R. Civ. P. 16(b). The rule also provides for sanctions if a party or attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The court may also impose attorneys fees and costs as a sanction or in addition to any other sanction "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(iii)–(iv). If a party fails to comply with a court's order addressing discovery, the court may order a range of sanctions including:

(i)    Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  Striking pleadings in whole or in part;

(iv)   Staying further proceedings until the order is obeyed;

> (v) Dismissing the action or proceeding in whole or in part;
>
> (vi) Rendering a default judgment against the disobedient party; or
>
> (vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

This Court's Local Rule 26.01 requires that, "[w]hen written discovery is served on a party, counsel for the requesting party must provide a copy of the discovery requests to opposing counsel in an editable electronic format." M.D. Tenn. R. 26.01 (editable copy of discovery requests).

This Court's Local Rule 37.01 requires that, "before filing any motion to compel discovery . . . counsel for the parties must confer in good faith in an effort to resolve by agreement the issues raised." M.D. Tenn. R. 37.01(a) (good faith attempt at resolution). "If the parties are not able to resolve the discovery issue they must, in connection with any request for a discovery conference or a discovery motion, file a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting forth exactly what discovery is in dispute . . . ; and, (3) detailing the parties' respective positions." M.D. Tenn. R. 37.01(b) (joint statement).

### III. Analysis

"'Generally, the discovery deadline [set by a court's scheduling order] specifies the date on which all discovery must be completed[;] therefore, any document requests must be served at least 30 days prior to the discovery deadline.'" *United States v. Carell*, No. 3:09-0445, 2011 WL 2078023, at *8 (M.D. Tenn. May 26, 2011) (quoting *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 495 (N.D. Ind. 2010)); *see also* Fed. R. Civ. P. 16(b)(3)(A) (establishing that scheduling order must set the time to "complete discovery"). Courts have found a party's refusal to respond to discovery that was not served in time to be completed before the case management deadline to be justified. *See, e.g., Sallis v. Aurora Health Care*, No. 07C1091,

2009 WL 398138, at *2 (E.D. Wis. Feb. 18, 2009); *Shadle v. First Fin. Bank, N.A.*, No. 1:09-CV-37, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009).

If Zink's discovery requests were served by mail on March 22, 2021, as he asserts, they were timely under this standard in relation to the May 3, 2021 fact discovery deadline. If they were served on April 10 or April 12, 2021, as Saint Clair argues, they were not served with sufficient time for Saint Clair to respond before the fact discovery deadline. The question of the discovery requests' timeliness was not raised by counsel for either party until after the fact discovery deadline had expired.

The Court's procedures require the filing of a joint discovery dispute statement and a discovery dispute resolution conference with the case management judge before discovery motions are filed to promote the "just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and to discourage the unnecessary weaponizing of the discovery process. After requiring counsel to appear for a discovery dispute conference in this case, the Court found that the appropriate and efficient resolution of the parties' dispute was not to engage in further litigation over the discovery service date, but to require Saint Clair to respond to Zink's discovery requests quickly and to get the case back on track to resolution. To the best of the Court's knowledge, Saint Clair provided her discovery responses without further incident.

The Court authorized Zink to file a renewed motion for sanctions other than dismissal if doing so remained appropriate after the discovery dispute conference. The motion Zink filed raises the same issue and seeks the equivalent of dismissal by a thousand cuts in that it asks the Court to prevent Saint Clair from offering any proof in support of her claims or challenging any of Zink's affirmative defenses. The Sixth Circuit states a clear preference for resolving cases on their merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) ("Trials on the merits are favored in the

federal courts."). The Court has already found that this level of sanction—which has the effect of preventing resolution of the case on its merits—is not appropriate for this dispute. Zink's renewed motion does not change that conclusion.

Zink also asks the Court to award him attorney's fees and costs on grounds that Saint Clair did not provide discovery responses until after Zink filed his original motion to dismiss, which also sought to compel Saint Clair's responses. Rule 37(a)(5) requires that a court order a party against whom a motion to compel is filed to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanction is available if a motion to compel is granted or if the requested discovery is provided after the motion was filed. *Id.* The rule also provides that payment must not be ordered if "other circumstances make an award of expenses unjust." The Court terminated Zink's motion to compel and construed it as a motion for a discovery dispute resolution conference, as required by this Court's procedures. Because the dispute was resolved at that conference, the Court finds that an award of attorney's fees and costs is not appropriate here.

Finally, this Order should not be interpreted to condone the way in which counsel handled this dispute. As another court has found in similar circumstances, "it appears that the relationship between counsel in this case is not what it should be." *Ruiz-Bueno v. Scott*, No. 2:12-CV-0809, 2013 WL 6055402, at *5 (S.D. Ohio Nov. 15, 2013). "What should have occurred here is that . . . once it became apparent that a dispute was brewing . . . counsel should have engaged in a collaborative effort to solve the problem."[2] *Id.* at *4. Instead, a relatively minor dispute was bitterly

---

[2] This Court's Local Rule 6.01(b) allows parties to agree to extensions of the deadlines for responding to discovery "without the necessity of an order of the Court, provided such extension does not interfere with the case management schedule, other case deadlines, or scheduled hearings." M.D. Tenn. R. 6.01(b) (exception for discovery responses).

fought, and that has set an unduly antagonistic tone for this action. "Counsel need to cooperate in order for [litigation] to be cost-efficient for their own clients and for the Court." *Id.* at *5. Such cooperation is meaningless if it is found only after the threat of sanctions or an unfavorable court order.

## IV.     Conclusion

For these reasons, Zink's motion for sanctions (Doc. No. 43) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge